UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-238 |
| RUFUS JOHNSON | SECTION "B" (2) |

### ORDER AND REASONS ON MOTION

Defendant Rufus Johnson filed a motion to reinstate bond. Record Doc. No. 259. The government filed an opposition memorandum. Record Doc. No. 263. A hearing was conducted on January 3, 2017. The matter was taken under advisement. Having considered the statements of defendant, counsel for both sides and Probation Officer Meghan Smith, who recommended continued detention; the testimony of defendant's sister, Shirley Mitchell; the record and the applicable law, IT IS ORDERED that the motion is DENIED.

A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). No such information was included in defendant's written motion papers.

Accordingly, at the hearing, the court was listening for some <u>sincere</u> expression of remorse, shame and acceptance of responsibility – some concrete indication that the defendant's extreme threats of violence and retaliation, Record Doc. No. 181-1, that had previously resulted in revocation of his bond were an aberration. Such self-revelation might have constituted information that was not known to defendant at the time his bond was revoked, since he made no such expression at the time of the earlier hearing. At the January 3 hearing, the court explored and considered the possibility of a more stringent bond to address defendant's propensity for threats of violence and manipulation of others through intimidation, including home confinement under the auspices of a trustworthy third-party custodian like his sister, all with electronic location monitoring. Although defendant employed words indicating some attempt at personal amelioration, they appeared insincere in light of his other statements and conduct at the hearing that undermined the court's ability to find that defendant's threat-making conduct could be controlled, even by his good and solid sister, or that any conditions could be trusted adequately to address the danger posed by his threat-making.

Under these circumstances, I decline to reinstate his prior bond, as the motion requests, or to craft a new one, and agree with the recommendation of the probation officer and the government's position that no condition or combination of conditions can adequately address the dangers posed by defendant's propensities for manipulation and

threat-making, all as demonstrated by the prior conduct that resulted in his previous bond revocation.

        New Orleans, Louisiana, this \_\_\_3rd\_\_\_\_ day of January 2017.

                                  JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE