**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-238** |
| **RUFUS JOHNSON** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Claimant Mary Smith's "Motion for Reconsideration of Court's Order and Reasons." Rec. Doc. 474. The Government timely filed an opposition.[1] Rec. Doc. 477. Claimant then sought, and was granted leave, to file a reply. Rec. Doc. 481. For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 474) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As discussed previously in the Order and Reasons (Rec. Doc. 470), Claimant asserted an interest in the property located at 536-38 South Broad Street.[2] That property was ordered forfeited to

---

[1] The Court set Claimant's motion for submission on January 24, 2018. *See* Rec. Doc. 475. The Government's opposition was due by January 17, 2018. *See id.*

[2] The full description of the property, as described in the Preliminary Order of Forfeiture (Rec. Doc. 417) follows. "Property currently recorded in the name of R.H.J. Entertainment, LLC and described as follows: All buildings and improvements thereon a certain lot or portion of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in First District of the City of New Orleans, in Square 585, bounded by S. Broad, Gravier, South Dorgenois Streets and Tulane Avenue, designated as Lot 22-A on a survey made by Gilbert & Kelly, Surveyors, dated June 10, 1950, a blue print is attached to act before Rene' Lehmann, Notary Public, dated July 3, 1950, according to which said lot measures thirty feet (30') front on S. Broad Street, the same width in the rear, by a depth between equal and parallel lines of one hundred eighty one feet, one inch, three lines (181'1"3"'). Said lot No. 22-A commences at a distance of one hundred twenty two feet, three inches, seven lines (122'3"7"') from the corner of Gravier Street and South Broad Street, subject to restrictions, servitudes, rights-of-

1

the United States on August 25, 2017, in a Preliminary Order of Forfeiture issued in conjunction with Defendant Rufus Johnson's sentencing. *See* Rec. Doc. 417. Claimant conceded that she sold the property to JaRuVa, Inc., in 2002, but alleged that she remained the true owner of the property because the purchase price was never paid. Rec. Doc. 446-1 at 2-3. Claimant sought to initiate an ancillary proceeding to assert her allegedly superior interest in the property. *See* Rec. Doc. 446, 446-1.

Because Claimant failed to state a claim upon which relief could be granted, the Court granted the Government's motion to dismiss.[3] *See* Rec. Doc. 470. The Court identified two independent grounds for dismissing Claimant's request to start an ancillary proceeding: (1) the sales contract contradicted Claimant's allegation that she never received payment for the property, and (2) Claimant pled no facts to suggest that she could otherwise assert a superior interest in the property via a petitory action. *See id.* at 3-9. Claimant then filed the instant motion for reconsideration, arguing that a recently submitted affidavit warrants starting an ancillary proceeding because the affiant did

---

way and outstanding mineral rights of record affecting the property. The improvements thereon bear the municipal number: 536-38 South Broad Street, New Orleans, Louisiana." Rec. Doc. 417 at 1-2. This description matches the description of the property in Claimant's Exhibit B (Rec. Doc. 446-4), which is the sales contract between Claimant and JaRuVa, Inc. *See* Rec. Doc. 446-1 at 2.

[3] Consistent with the hybrid nature of forfeiture proceedings, the Government's opposition (Rec. Doc. 449) was construed as a motion to dismiss under Federal Rule of Civil Procedure 12. *See* Rec. Doc. 450 (citing Fed. R. Crim. P. 32.2(c)(1)(A)).

2

not see Claimant receive the sales price when the contract was signed. *See* Rec. Docs. 474-1; 481.

**LAW AND ANALYSIS**

Claimant brings her motion for reconsideration under Federal Rule of Civil Procedure 60(b)(2).[4] *See* Rec. Doc. 481 at 2-4. Rule 60(b)(2) allows relief when a party offers "newly discovered evidence that, with reasonable diligence, could not have been discovered" within twenty-eight days of the challenged order being issued. "To succeed on a motion brought under 60(b)(2) based on newly discovered evidence, the movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *N.H. Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993).

Claimant fails to carry her burden. First, Claimant offers no explanation for why she failed to produce the affidavit within twenty eight days after the Order and Reasons was issued. This

---

[4] Claimant did not originally explain what basis she relies on to seek reconsideration. The Government correctly noted that her motion, which was filed thirty days after the Order and Reasons was issued, is untimely under Federal Rule of Civil Procedure 59 and Federal Rule of Appellate Procedure 4, which sets the deadline for motions to reconsider in criminal matters. *See* Rec. Doc. 477 at 3-5 (explaining that FRCP 59 has a twenty-eight day limit and FRAP 4 has a fourteen day limit) (citing *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995)). In her reply memorandum, Claimant limits her arguments to Federal Rule of Civil Procedure 60(b)(2). *See* Rec. Doc. 481. This is appropriate because a motion under Rule 60(b)(2) must only be brought within a reasonable period of time, not to exceed a year. *See* Fed. R. Civ. P. 60(c)(1).

makes it impossible for the Court to analyze whether Claimant exercised due diligence in obtaining the affidavit. *See* Fed. R. Civ. P. 60(b)(2); *Gov't Fin. Servs. One Ltd. v. Peyton Place, Inc.*, 62 F.3d 767, 770-72 (5th Cir. 1995). Because Claimant has the burden to show that reconsideration is warranted, failure to establish that Claimant exercised due diligence is a sufficient basis on which to deny Claimant's motion. *See Gov't Fin. Servs.*, 62 F.3d at 770-72.

Second, the affidavit does not suggest that it was error to grant the Government's motion to dismiss. The affidavit merely corroborates Claimant's allegation that she did not receive payment when the sales contract was executed. *See* Rec Docs. 446-1 at 2-3; 481 at 8-9. However, Claimant's representation in the sales contract is broader than the affidavit's denial. Claimant swore that she had already received and acknowledged payment when the sales contract was executed, not that payment was exchanged at that very moment.[5] *See* Rec. Doc. 446-4 at 7. Therefore, the affidavit does not account for any time prior to execution of the sales contract when Claimant may have received payment without the affiant's knowledge.

---

[5] The sales contract states that the "sale is made and accepted for and in consideration of the price and sum of Fifty-Thousand ($50,000) dollars[] Cash, which the said purchaser [(JaRuVa, Inc.)] *has* well and truly paid, in ready and current money to the said Mary L. Johnson-Smith *who hereby acknowledges the receipt thereof* and grants full acquittance and discharge therefor." Rec. Doc. 446-4 at 7 (emphasis added).

Moreover, the affidavit does nothing to rebut the second, independent, basis for granting the Government's motion to dismiss—that a buyer's failure to pay the purchase price does not render void an otherwise valid sales contract. *See* Rec. Doc. 470 at 6-7. As explained in the Order and Reasons, even if Defendant failed to pay the purchase price as the affidavit states, Claimant's only potentially viable claim to an interest in the property is via a petitory action pursuant to Article 3651. *See id.* at 8-9. In this action, Claimant would need to prove that, after selling the property to Defendant, she acquired a superior ownership interest. *See Morein v. Acme Land Co.*, 15-135, p. 10 (La. App. 3 Cir. 6/3/15); 166 So. 3d 1227, 1235). The affidavit does not advance such an argument because it offers no information about Claimant's relationship to the property after Claimant signed the sales contract. *See* Rec. Doc. 470 at 8-9 (explaining the types of facts Claimant would need to plead to state a petitory action). Therefore, the affidavit is not "likely to have produced a different result." *N.H. Ins.*, 993 F.2d at 1201.

New Orleans, Louisiana, this 7th day of February, 2018.

SENIOR UNITED STATES DISTRICT JUDGE