**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                          **CRIMINAL ACTION**

**VERSUS**                                             **NO. 14-238**

**RUFUS JOHNSON**                                      **SECTION "B"(4)**

**ORDER AND REASONS**

Before the Court is Claimant Mary Smith's "Motion for Reconsideration of Court's Order and Reasons" (Rec. Doc. 497), which seeks reconsideration of the Final Order of Forfeiture (Rec. Doc. 494) issued on April 17, 2018. The Government did not file an opposition. For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 497) is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Property located at 536-38 South Broad Street in New Orleans, Louisiana, was ordered forfeited to the United States on August 25, 2017, in a Preliminary Order of Forfeiture issued in conjunction with Defendant Rufus Johnson's sentencing.[1] *See* Rec.

---

[1] The full description of the property, as described in the Preliminary Order of Forfeiture (Rec. Doc. 417) follows. "Property currently recorded in the name of R.H.J. Entertainment, LLC and described as follows: All buildings and improvements thereon a certain lot or portion of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in First District of the City of New Orleans, in Square 585, bounded by S. Broad, Gravier, South Dorgenois Streets and Tulane Avenue, designated as Lot 22-A on a survey made by Gilbert & Kelly, Surveyors, dated June 10, 1950, a blue print is attached to act before Rene' Lehmann, Notary Public, dated July 3, 1950, according to which said lot measures thirty feet (30') front on S. Broad Street, the same width in the rear, by a depth between equal and parallel lines of one hundred eighty one feet, one inch, three lines (181'1"3"'). Said lot No. 22-A commences at a distance of one hundred twenty two feet, three inches, seven lines (122'3"7"') from the corner of Gravier Street and South Broad Street, subject to restrictions, servitudes, rights-of-

1

Doc. 417. In October 2017, Claimant sought to assert her allegedly superior interest in the property via an ancillary proceeding pursuant to 21 U.S.C. § 853(n). *See* Rec. Doc. 446. The Court dismissed Claimant's motion to assert an interest in the property because her pleadings (1) conceded that she had previously sold the property and (2) contained no facts suggesting that Claimant had later regained ownership of the property. *See* Rec. Doc. 470.

Claimant then filed a motion to reconsider the dismissal of her claim to the property. *See* Rec. Doc. 474. The Court denied Claimant's motion because Claimant failed to show any newly discovered evidence that might produce a different result. *See* Rec. Doc. 486. The Government then moved for a final order of forfeiture, *see* Rec. Doc. 493, which the Court granted because the only asserted third-party interest in the party had been dismissed, *see* Rec. Doc. 494 (citing Fed. R. Crim. P. 32.2(c)(2)). Claimant then filed the instant motion to reconsider the Final Order of Forfeiture.[2] *See* Rec. Doc. 497.

---

way and outstanding mineral rights of record affecting the property. The improvements thereon bear the municipal number: 536-38 South Broad Street, New Orleans, Louisiana." Rec. Doc. 417 at 1-2. This description matches Claimant's description of the property. *See* Rec. Doc. 446-4 (sales contract between Claimant and JaRuVa, Inc.).

[2] Claimant alleges that she did not receive a copy of the Government's motion for a final order of forfeiture, *see* Rec. Doc. 497-1 at 1, but the Court's electronic filing system indicates that a copy of the motion was mailed to Claimant at the address on file. No mail has been returned as undeliverable.

**LAW AND ANALYSIS**

Claimant Mary Smith lacks standing to challenge the Final Order of Forfeiture; Defendant Rufus Johnson "is the only party that has standing to challenge the forfeitability of [his] assets." *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 689-90 (5th Cir. 2013); *see also* Fed. R. Crim. P. 32.2(c)(2) ("[A] third party [may not] object to the final order [of forfeiture] on the ground that the third party had an interest in the property."). "[T]he only way in which a third party may assert an interest in the forfeited property is through an ancillary proceeding." *Holy Land Found.*, 722 F.3d at 684 (referring to 21 U.S.C. § 853(k), (n)).

"If a third party is unable to satisfy either § 853(n)(6)(A) or (B), it cannot prevail in the ancillary proceeding" and "the United States acquires clear title to the property." *Holy Land Found.*, 722 F.3d at 684-85. Notably, an ancillary proceeding, "'does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property.'" *Id.* at 689-90 (quoting Fed. R. Crim. P. 32.2 advisory committee's note)). An attempt to assert an interest in forfeited property outside of an ancillary proceeding "is an impermissible third-party challenge to the forfeiture of [a criminal defendant's] assets." *Id.* at 689.

Claimant sought to initiate an ancillary proceeding to assert an interest in the property. Rec. Doc. 446. Her claim was dismissed because she failed to allege facts that could establish an interest in the property under either section 853(n)(6)(A) or (B). Rec. Doc. 470. Claimant then moved for reconsideration based on newly discovered evidence. Rec. Doc. 474. But that motion was denied because, even if the evidence was actually newly discovered, it did not cure the deficiencies in Claimant's allegations. Rec. Doc. 486. Claimant did not appeal the dismissal of her ancillary proceeding or the denial of her motion to reconsider. Having failed to prevail in an ancillary proceeding, Claimant cannot now challenge the Final Order of Forfeiture and so her Motion for Reconsideration is denied. *See Holy Land Found.*, 722 F.3d at 689-90; Fed. R. Crim. P. 32.2(c)(2).

New Orleans, Louisiana, this 18th day of July, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE